UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WALNER SYLVAIN,

Plaintiff,

vs.

Case No.: 12-21250-CIV-MORENO

ANL KANAAN, LLC d/b/a KABOBJI,
and ANL KANAAN, individually

Defendants.
_____/

**CONFIDENTIAL SETTLEMENT AGREEMENT**

Plaintiff, WALNER SYLVAIN ("Plaintiff") and Defendants ANL KANAAN, LLC d/b/a KABOBJI, and ANL KANAAN, individually, ("Defendants") (Plaintiff and Defendants), collectively the ("Parties") hereby agree upon this Settlement Agreement (the "Agreement") as a settlement of all issues involved herein as follows:

1. **No Admission of Liability.** The Parties hereto recognize and agree that Defendants, as a part of this Agreement between the Parties, denies any wrongdoing or any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Complaint in this matter, or Plaintiff's employment relationship with Defendant (jointly referred to as "Action").

2. **Dismissal of Pending Actions.** For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice the Action; and (2) not to re-file these causes of action or charges, or any other causes of action or charges against Defendants arising from matters that were encompassed or could have been encompassed or raised in the Action.

3. **Consideration.** Defendants agrees to pay Plaintiff (through his counsel) the total sum of Four Thousand Dollars ($4,000.00) as set forth in paragraph 7 of this Agreement and allocated below, and other good and valuable consideration as described below.

4. **General Release.** In consideration of the promises and actions of the parties set out in this Agreement, and the payment of the total sum of Four Thousand Dollars and Zero Cents ($4,000.00), and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties, upon receipt of all payments due, and the Court approving this Agreement, shall acquit, release, satisfy, and discharge, on their own behalf and on behalf of anyone who could claim by and through the parties, their predecessors and successors in interest, assignees, parents, subsidiaries, divisions and related companies and entities, and their past, present and future members, officers, directors, supervisors, managers, employees, agents, attorneys and representatives (hereafter collectively referred to as "Releases"), of and from, any and all claims and demands, past, present, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which the parties and the parties' heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees by reason of any matter, cause, or thing whatsoever from the beginning of the world to the execution of this Agreement including, but not limited to, any and all claims related to Plaintiff's employment with Defendant, including but not limited to, unemployment, claims under the Equal Employment Opportunity Commission ("EEOC"), Fair Labor Standards Act ("FLSA") and/or Florida labor laws which were actually asserted, or might have been asserted, in this Action.

5. **Plaintiff's Responsibility for Taxes.** Plaintiff assumes responsibility for the payment of any and all federal, state, and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal or state laws of any kind, with respect to the money paid by Defendants to Plaintiff pursuant to the terms of this Settlement between the Parties.

6. **Litigation:** The parties have strived to reach this settlement agreement without the need for protracted litigation and the expenditure of judicial resources. Towards that end, the parties have exchanged multiple sets of documents and have met with their clients on multiple occasions. The parties have also exchanged and reviewed discovery on an informal basis. Plaintiff and Plaintiff's counsel are satisfied that to the best of their ability, Plaintiff is being made completely whole by the payment referenced below, and that Plaintiff is being paid an equal amount in the form of liquidated damages. Defendants are also paying Plaintiff's counsel's attorneys fees in full.

7. **Payment.** As consideration for the execution of this Agreement by Plaintiff and his compliance with the conditions made herein, Defendants agree to pay to Plaintiff and Plaintiff agrees to accept the total consideration of Four Thousand Dollars and Zero Cents ($4,000.00), to be allocated as follows:

(a) one check payable to WALNER SYLVAIN, in the amount of $1,000.00 as overtime wages subject to all taxes and other withholding requirements imposed by law;

(b) one check payable to WALNER SYLVAIN, in the amount of $1,000.00 as liquidated damages subject to no withholdings; and

(c) one check made payable to Consumer Law Organization, P.A. in the amount of $500.00 for hard costs advanced, including filing fees, service of process and photocopying charges.

(d) one check made payable to Consumer Law Organization, P.A. in the amount of $1,500.00 representing all attorney fees that are due and owing. The attorney fees have been reduced from in excess of $3,000.00 in order to facilitate the settlement.

(e) Payments shall be made as follows: Defendant shall deliver or cause to be delivered to Consumer Law Organization, P.A. the total sum of Four Thousand Dollars and Zero Cents to C.L.O.'s office at 2501 Hollywood Boulevard, Suite 100, Hollywood, FL 33020. Defendants will deliver or cause to be a delivered an initial check of $2,000.00 immediately upon execution of the settlement agreement by Plaintiff. The second and final check shall be delivered to C.L.O. no later than August 17, 2012. The checks shall be made payable to "Consumer Law Organization, P.A. Trust Account", and no funds shall be disbursed until the settlement agreement is approved in full by the judge. In the event that the settlement agreement is not approved for any reason, the settlement proceeds shall be immediately returned to Defendants.

***Plaintiff specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter.***

Plaintiff agrees and acknowledges that payment of the sum as set forth above shall constitute effective and sufficient consideration, receipt of which Plaintiff hereby acknowledges, for this Settlement Agreement.

8. **Confidentiality:**

    a. This Agreement and the terms hereof, and in particular the terms providing for payments, shall not be disclosed to any third party and shall remain forever confidential.

    b. Except as may be required by law, court order, or subpoenas, neither Plaintiff nor any of her representatives, including but not limited to her undersigned attorneys, shall disclose to any person or entity any information whatsoever regarding the manner by which

the lawsuit ended other than to say that the lawsuit "has been dismissed." This restriction does not preclude the disclosure of such information by Plaintiff to any attorneys, accountants, and/or professional tax advisers with whom they choose to consult or seek advice regarding her consideration of and decision to execute this Agreement.

      c.    Plaintiff agrees that she shall not defame, disparage, or impugn Defendants at any time to any person or entity.

9. **Employment References**: The Employer agrees that if at any time in the future it should receive inquiries concerning Employee's employment with the Employer, Employer agrees it will provide only neutral information concerning Employee's dates of employment, last position held, and salary, and will not defame, disparage, or impugn Plaintiff at any time to any person or entity..

10. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of Florida, and shall bind the Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges and represents that she has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

11. **Necessary Actions for Dismissal.** Plaintiff and Plaintiff's counsel, Consumer Law Group, P.A., covenant and agree to execute all papers and do all things necessary to voluntarily dismiss this Action with prejudice, and any related cases or charges before the Court or any other administrative agency.

12. **Important Acknowledgments.** It is further understood and agreed that the settlement sum and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final

release effected thereby. The parties hereby represent and warrant that they have entered into this Agreement on their own free will and accord, and in accordance with their own judgment, and after consultation with their attorneys.

13. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

14. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by writing, signed by the Parties, with specific reference to this Agreement.

15. **Execution In Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

16. **Retain Jurisdiction.** The Parties hereby stipulate that the court shall retain jurisdiction to enforce the terms of the Agreement should enforcement become necessary. In the event of a breach of this Agreement or in the event any action is commenced in the Court having jurisdiction over this matter concerning enforcement of the provisions of this Agreement, the prevailing part in any such action <u>shall be entitled to an award of its reasonable attorney's fees and all costs</u> including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

17. Plaintiff and Defendants understand, represent, and agree that they:

    (A) Have carefully read and fully understand all of the provisions of this Agreement;

    (B) Knowingly and voluntarily agree to all of the terms set forth in this Agreement;

    (C) Knowingly and voluntarily intend to be legally bound by this Agreement;

    (D) Were advised to consider and did consider the terms of this Agreement with counsel prior to executing this Agreement; and

    (E) Are duly authorized and have full authority to execute this Agreement.

**Agreed and Accepted by:**

**PLAINTIFF:**

7-19-12
Date

_/s/ Walner Sylvain_
WALNER SYLVAIN

**DEFENDANTS:**

_____
Date

_____
ANL KANAAN, LLC d/b/a/ KABOBJI
AUTHORIZED REPRESENTATIVE

_____
Date

_____
ANL KANAAN

17. Plaintiff and Defendants understand, represent, and agree that they:

  (A) Have carefully read and fully understand all of the provisions of this Agreement;

  (B) Knowingly and voluntarily agree to all of the terms set forth in this Agreement;

  (C) Knowingly and voluntarily intend to be legally bound by this Agreement;

  (D) Were advised to consider and did consider the terms of this Agreement with counsel prior to executing this Agreement; and

  (E) Are duly authorized and have full authority to execute this Agreement.

Agreed and Accepted by:

**PLAINTIFF:**

_____    _____
Date                                          WALNER SYLVAIN

**DEFENDANTS:**

7/20/12
Date                                          ANE KANAAN, LLC d/b/a/ KABOBJI
                                              AUTHORIZED REPRESENTATIVE

7/20/12
Date                                          ANE KANAAN